IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| MICHAEL IAN CAPRAROLA, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br>v.<br><br>HELZBERG'S DIAMOND SHOPS, INC.,<br><br>Defendant. | No. 1:13-cv-06493<br><br>Hon. John A. Nordberg |

## PLAINTIFF'S MOTION FOR CLASS CERTIFICATION[1]

Plaintiff Michael Ian Caprarola ("Plaintiff"), on behalf of himself and others similarly situated, respectfully moves this Court, pursuant to Rule 23 of the Federal Rules of Civil Procedure, to certify a class consisting of:

> All persons in the United States who purchased from Helzberg's Diamond Shops, Inc. and all affiliates jewelry with a diamond carat total weight less than that represented at the time of purchase;

and a subclass consisting of:

> All persons in the United States who purchased from Helzberg's Diamond Shops, Inc. and all affiliates a Handel engagement ring set, SKU # 1801583, that was identified as 1CTW but was actually 3/4CTW.

The class satisfies all the prerequisites for certification under Fed. R. Civ. P. 23(a) and (b)(3).

### I. NATURE OF THE ACTION

1. This is a class action arising from Defendant Helzberg's Diamond Shops, Inc.'s ("Defendant") unlawful marketing and sale of diamond jewelry.

---

[1] Plaintiff is filing the instant motion contemporaneously with the Complaint in this matter being removed to this Court pursuant to the Seventh Circuit's opinion in *Damasco v. Clearwire Corp.*, 662 F.3d 891 (7th Cir. 2011). In the event the record needs to be further developed before a decision on class certification can be made, this Court may "delay its ruling to provide time for additional discovery or investigation." *Id.* at 896.

2. Defendant sells diamond engagement rings and engagement ring sets at more than 230 retail stores in the United States and through its website, www.helzberg.com.

3. Diamond mass is measured by carats. One carat equals 200 milligrams.

4. "CTW" is an abbreviation for "carat total weight." For jewelry with multiple diamonds, the CTW represents the total carat weight of all the diamonds in the piece. For example, a piece of jewelry labeled 1CTW should have diamonds totaling one carat.

5. At all relevant times, Defendant marketed and sold a line of engagement rings and ring sets called the Handel Collection.

6. Beginning at the latest in May 2012, Defendant marketed and sold a Handel Collection engagement ring set, SKU # 1801583, identified as 1CTW.

7. On August 20, 2012 Plaintiff purchased from Defendant the Handel Collection engagement ring set, SKU # 1801583, identified on www.helzberg.com and in the store where he bought it as 1CTW.

8. In early July 2013, Plaintiff and members of the class received an undated letter from Defendant stating that the carat total weight of the Handel engagement ring set, SKU # 1801583, was actually 3/4CTW, not 1CTW as advertised.

## II. THE RULE 23(a) REQUIREMENTS ARE MET

9. In order to certify a class, the plaintiff must demonstrate that Rule 23(a)'s four prerequisites – numerosity, commonality, typicality and adequacy – have been satisfied.

10. First, the purported class must be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). Joinder is generally deemed to be impracticable where there are at least 40 members of the proposed class. *Ringswald v. County of DuPage*, 196 F.R.D.

509, 512 (N.D. Ill. 2000); *Pope v. Harvard Banchares, Inc.*, 240 F.R.D. 383, 387 (N.D. Ill. 2006).

11. The numerosity requirement is easily met here. Defendant operates more than 230 retail jewelry stores in the United States and also sells jewelry through its website. Upon information and belief, there are thousands of class members. Accordingly, the members of the class are so numerous that their individual joinder would be impracticable.

12. Second, parties seeking class certification must show that "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). This requires that the claims of individual class members arise from a "common nucleus of operative fact," and is satisfied where the defendant "engaged in standardized conduct towards members of the proposed class." *Keele v. Wexler*, 149 F.3d 589, 594 (7th Cir.1998).

13. The commonality requirement is satisfied. The claims of the class members arise from the common operative fact that Defendant misrepresented the total carat weight of diamond jewelry. Defendant engaged in standardized conduct toward members of the class by unlawfully misrepresenting the total carat weight of diamond jewelry it sold in its stores and on its website.

14. Third, "the claims or defenses of the representative parties" must be typical of the claims or defenses of the class. Fed. R. Civ. P. 23(a)(3). This is closely related to the commonality requirement. *Keele*, 149 F.3d at 595. A representative's claims will be typical when they arise from a standardized course of conduct. *Id.*

15. Here, the typicality requirement is met. Plaintiff's claims are the same as the claims of the members of the class. Plaintiff and members of the class purchased diamond jewelry of which Defendant had misrepresented the total diamond carat weight. These claims arise from a standardized course of conduct.

16. Fourth, a class representative must be able to "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). To determine whether a named plaintiff will adequately represent the class, a court must ask whether the plaintiff (1) has antagonistic or conflicting claims with other members of the class; (2) is sufficiently interested to ensure vigorous advocacy of the case; and (3) has selected competent, qualified counsel.

17. Plaintiff is an adequate representative of the class. He has no claims conflicting with other members of the class. He is sufficiently interested in the outcome of this litigation to ensure vigorous advocacy. Additionally, Plaintiff's counsel is highly experienced in all manner of complex litigation, and is committed to vigorously prosecuting this action.

### III. THE RULE 23(b) REQUIREMENTS ARE MET

18. In addition to meeting the four Rule 23(a) prerequisites, plaintiffs seeking class certification must also satisfy one of the provisions of Rule 23(b). Pursuant to Rule 23(b)(3) a class can be maintained if "questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and…a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."

19. First, common questions will predominate over individual issues in this litigation. The principal question is whether Defendants unlawfully misrepresented the total carat weight of diamond jewelry it sold to Plaintiff and members of the class.

20. Second, a class action is superior to other methods of resolving this controversy. Due to the large number of class members, class treatment would avoid the necessity for multiple adjudications of identical legal and factual issues and accordingly reduce the burden on the judiciary.

21. For the reasons stated above, which will be further supported by class discovery if the Court delays its ruling on this issue, class certification is appropriate.

WHEREFORE, Plaintiff, on behalf of himself and on behalf of the proposed class, respectfully requests that the Court enter an order certifying this case as a class action.

Dated: September 12, 2013          Respectfully submitted,

/s/ Christopher M. Hack
*Counsel for Plaintiff*

Clinton A. Krislov
Michael R. Karnuth
Christopher M. Hack
KRISLOV & ASSOCIATES, LTD
20 North Wacker Drive, Suite 1350
Chicago, Illinois 60606
Tel.: (312) 606-0500