**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| MICHAEL IAN CAPRAROLA, on behalf of himself and others similarly situated, <br><br> Plaintiff, <br> v. <br><br> HELZBERG'S DIAMOND SHOPS, INC., <br><br> Defendant. | No. 1:13-cv-06493 <br><br> Hon. Ronald A. Guzman |

**Plaintiff's Motion
For
Class Certification**

Clinton A. Krislov
Michael R. Karnuth
Christopher M. Hack
KRISLOV & ASSOCIATES, LTD.
20 North Wacker Drive, Suite 1300
Chicago, Illinois 60606
Tel.: (312) 606-0500

*Counsel for Plaintiff*

## INTRODUCTION

Plaintiff Michael Ian Caprarola ("Plaintiff"), on behalf of himself and all others similarly situated, respectfully submits this Motion for Class Certification.

**Nature of the Litigation**

This action involves jewelry sold by Helzberg which allegedly misstated the total carat weight of some pieces of jewelry, which the parties wish to resolve by cash payments to the purchasers of the three products believed to have been mislabeled at an overstated total carat weight.

### A. Litigation, Discovery and Settlement Negotiations

Plaintiff filed his Class Action Complaint in the Circuit Court of Cook County on August 15, 2013. The Complaint alleges that Plaintiff in August 2012 purchased from Defendant a diamond engagement ring set represented as having a diamond carat total weight ("CTW") of 1 CTW. In July 2013, Plaintiff received a letter from Defendant stating that the ring set he had purchased was actually only 3/4 CTW – not 1 CTW as advertised. The complaint was brought on behalf of a nationwide class of consumers who purchased diamond jewelry from Defendant that had a carat total weight less than that represented by Defendant, and a subclass of all consumers who purchased the same specific ring set that Plaintiff did, a "Handel" diamond engagement ring, referred to by Defendant as Stock Keeping Unit ("SKU") number 1801583.

On September 11, 2013, Defendant removed the action to this Court, asserting federal jurisdiction under the Class Action Fairness Act. On October 4, 2013, Plaintiff moved to remand, and the matter was briefed by December 2013. On May 1, 2014, following reassignment of the case, this Court denied Plaintiff's motion to remand.

Thereafter, the parties pursued discovery, ascertained three items that may fairly be involved, and have reached an agreement in principle, which they are proceeding to finalize documentation, obtain signatures, and file with the court. Nonetheless, as this will probably not be completed by today's due date for filing the class certification motion, we so file this motion for class certification, anticipating that the parties will shortly file a fully documented settlement agreement with motion for preliminary approval.

## I. The Proposed Class Should be Certified

Plaintiff seeks approval of the following class

> Purchasers of the following Helzberg products:
> 1. SKU #1801583 between August 15, 2003 and March 31, 2013;
> 2. SKU #2003616 between August 15, 2003 and October 31, 2013; or
> 3. SKU #2017119, between August 15, 2003 and June 31, 2014.

### A. The Proposed Class Meets the Requirements of Rule 23(a)

District courts have broad discretion in deciding whether class certification is appropriate. *Arreola v. Godinez*, 546 F.3d 788, 794 (7th Cir. 2008). However, for the settlement class to be certified, the court must determine that the proposed class and their claims satisfy the prerequisites of Fed. R. Civ. P. 23(a), and that the case fits within one of the Fed. R. Civ. P. 23(b) categories.

#### 1) Numerosity

First, the purported class must be "so numerous that joinder of all members is impracticable." Fed.R.Civ.P. 23(a)(1). "While there is no threshold or magic number at which joinder is impracticable, a class of more than 40 members is generally believed to be sufficiently

3

numerous for Rule 23 purposes." *Ringswald v. County of DuPage,* 196 F.R.D. 509, 512 (N.D. Ill. 2000) (Bucklo, J.) (citing *Massie v. Illinois Department of Transportation,* No. 96-4830, 1998 WL 312021, *2 (N.D. Ill. 1998) (Norgle, J.) (certifying class of 53)); *Gaspar v. Linvatec Corp.,* 167 F.R.D. 51, 56 (N.D. Ill. 1996) (Alesia, J.) (certifying class of 18). Plaintiffs are not required to specify the precise number of class members as long as they make a good-faith estimate. *Arenson v. Whitehall Convalescent & Nursing Home, Inc.*, 164 F.R.D. 659, 662 (N.D. Ill. 1996) (Castillo, J.).

Here, there are an estimated 200 members of the class. Thus, the class is so numerous that joinder would be impracticable.

**2) Commonality**

Second, parties seeking class certification must show that "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). This requires that the claims of individual class members arise from a "common nucleus of operative fact," and is satisfied where the defendant "engaged in standardized conduct towards members of the proposed class." *Keele v. Wexler,* 149 F.3d 589, 594 (7th Cir.1998). The plaintiff must establish that the class members have suffered the same injury, and that their claims depend on a common contention that is capable of classwide resolution. *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011). *See also Jamie S. v. Milwaukee Pub. Sch.*, 668 F.3d 481, 497 (7th Cir. 2012) (citing Wal-Mart) (while a "superficial" common question is insufficient, a single common question will suffice for commonality). Indeed, commonality is easily met. *Markham v. White*, 171 F.R.D. 217, 222 (N.D. Ill. 1997) (Shadur, J.).

The commonality requirement is satisfied here, because all class members have the same claim; i.e., that the product they purchased had a misstated ctw, total carat weight. That the

4

amount of underweighting or alleged overpricing may be different for different products is of no importance here; they all have the same legal claim.

### 3) Typicality

Third, "the claims or defenses of the representative parties" must be typical of the claims or defenses of the class. Fed. R. Civ. P. 23(a)(3). This is closely related to the commonality requirement. *Keele*, 149 F.3d at 595. A representative's claims will be typical when they arise from a standardized course of conduct. "The purpose of the typicality requirement is to ensure that the interests of the class representatives are aligned with those of the class as a whole." *Marshall v. H & R Block Tax Servs. Inc.*, 270 F.R.D. 400, 405 (S.D. Ill. 2010). *See also Schmidt v. Smith & Wollensky, LLC*, 268 F.R.D. 323, 327 (N.D. Ill. 2010) (Castillo, J.); *Kernats v. Comcast Corp.*, No. 09-3368, 2010 WL 4193219, at *4 (N.D. Ill. Oct. 20, 2010) (Kendall, J.).

Here, the named plaintiff's claim (that he bought a product whose weight was overstated) is the same as (i.e., typical of) the claims assertable for the other class members.

### 4) Adequacy

Fourth, a class representative must be able to "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "To determine if a named plaintiff has met the adequacy requirement, the Court must ask whether the individual: (1) has antagonistic or conflicting claims with other members of the class; (2) has sufficient interest in the outcome of the case to ensure vigorous advocacy; and (3) has counsel that is competent, qualified, experienced and able to vigorously conduct the litigation." *Schmidt,* 268 F.R.D. at 328; *Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130, U. A.*, 657 F.2d 890, 896 (7th Cir. 1981) (requiring "competent and experienced counsel"). Here, Plaintiff's interests do not conflict with those of the class, and they have sufficient interest in securing redress for the class as a whole.

Additionally, Plaintiff's counsel is highly experienced in class actions, consumer cases over many years, and is committed to vigorously prosecuting this action. Thus, the adequacy requirement has been met.

### B. The Proposed Class Fits Within the Rule 23(b)(3) Category of Cases that may Properly Proceed as a Class Action

Under Rule 23(b)(3), a case may proceed on a class basis if "questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and…a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed.R.Civ.P. 23(b)(3). In making this determination, courts consider whether "the class members' interests in individually controlling the prosecution or defense of separate actions; the extent and nature of any litigation concerning the controversy already commenced by or against class members; the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and the likely difficulties in managing a class action." *Id*.

#### 1) Predominance

The predominance inquiry of Rule 23(b)(3) "tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation" which is a "more demanding" standard than the commonality requirement of Rule 23(a). *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 623-24 (1997). The requirement "is satisfied when common questions represent a significant aspect of a case and can be resolved for all members of a class in a single adjudication." *Messner v. Northshore Univ. HealthSystem*, 669 F.3d 802, 815 (7th Cir. 2012).

The single issue that predominates in this litigation is whether class members bought jewelry pieces whose total carat weight was overstated, and what should be the compensation for a shortfall.

**2) Superiority**

A class action is the superior method of adjudicating relatively small claims such those of the putative class members here. *Amchem*, 521 U.S. at 617. Due to the relatively small size of the individual claims, the Court may properly conclude that "individual claims would allow for a far less efficient and fair resolution of the class members' claims." *In re Mexico Money Transfer Litig.,* 164 F. Supp. 2d at 1002, 1013-14 (N.D. Ill. 2000) (Pallmeyer, J.). Moreover, with an estimated 200 class members, any manageability problems posed by class adjudication would pale in comparison to the logistical issues presented by the possibility of 200 individual suits. "Confronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems, for the proposal is that there be no trial." *Amchem,* 521 U.S. at 620.

In short, this is a nearly perfect model for manageability and superiority. Different from products purchased anonymously through unrelated retailers, Helzberg's products are sold directly to consumers, whose identity and contact information it knows, and retains, has addresses for all class member purchasers, and can give notice directly, with follow up for those who have moved. The class is relatively small by usual standards, objectively determined and determinable, easily found, and whose claims can be easily managed.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court enter an order certifying the case to proceed for the proposed class, with plaintiff Caprarola as the named plaintiff and undersigned counsel as class counsel.

Dated: December 11, 2014                        Respectfully submitted,

                                              /s/ Clinton A. Krislov
                                              *Counsel for Plaintiff*

Clinton A. Krislov
Michael R. Karnuth
Christopher M. Hack
KRISLOV & ASSOCIATES, LTD
20 North Wacker Drive, Suite 1300
Chicago, Illinois 60606
Tel.: (312) 606-0500

Certification

Clinton A. Krislov, an attorney, hereby certifies that service was made on all parties this 11th Day of December, 2014, by the CM/ECF system.

                                  /s/ Clinton A. Krislov