**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| MICHAEL IAN CAPRAROLA, on behalf of himself and others similarly situated,<br><br>　　　　　Plaintiff,<br>v.<br><br>HELZBERG'S DIAMOND SHOPS, INC.,<br><br>　　　　　Defendant. | No. 1:13-cv-06493<br><br>Hon. Jorge L. Alonso |

**ORDER GRANTING PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT**

Upon consideration of the Parties' Settlement Agreement signed by Plaintiff Michael Ian Caprarola and Defendant Helzberg's Diamond Shops, Inc., Plaintiff's Motion for Preliminary Approval of Class Action Settlement, and the pleadings and other materials on file in this Action, IT IS HEREBY ORDERED AS FOLLOWS:

1.　　The Settlement Agreement and the exhibits thereto are hereby incorporated by reference in this Order as if fully set forth herein. Capitalized terms in this Order shall, unless otherwise defined herein, have the same meaning as in the Settlement Agreement.

2.　　Pursuant to Fed. R. Civ. P. 23, the Court hereby certifies a class, for settlement purposes only, defined as:

　　all people in the United States who purchased from Helzberg, and did not return for a refund:

　　　　(1) a diamond ring sold under the Helzberg Handel label, and identified as Stock Keeping Unit ("SKU") #1801583, between August 15, 2003 and March 31, 2013,

  (2) a diamond and emerald ring, identified as SKU #2003616, that was sold by Helzberg between August 15, 2003 and October 31, 2013, and/or

  (3) a Tahitian pearl and diamond pendant, identified as SKU #2017119, that was sold by Helzberg between August 15, 2003 and June 31, 2014.

Excluded from the Settlement Class are: Helzberg; Helzberg's affiliates, subsidiaries, and parent; each of Helzberg's directors, officers, and employees; Helzberg's legal representatives, successors, and assigns; any other entity in which Helzberg has a controlling interest; persons who purchased for purposes of resale; any one employed by counsel for Plaintiff in this action; the Judge to whom the Action is assigned and all members of his immediate family; and all Persons who timely and validly request exclusion from the Settlement Class pursuant to the Class Notice disseminated in accordance with the Preliminary Approval Order.

Subject to further consideration at the Final Approval Hearing described in Paragraph 15 below, this Settlement Class meets the relevant requirements of Fed. R. Civ. P. 23(a) and (b)(3) for purposes of settlement.

  3. For purposes of settlement, and after considering the relevant factors in Fed. R. Civ. P. 23 and subject to further consideration at the Final Approval Hearing, Plaintiff Michael Ian Caprarola is appointed the representative of the Settlement Class.

  4. For purposes of settlement, and after considering the relevant factors in Fed. R. Civ. P. 23 and subject to further consideration at the Final Approval Hearing, Clinton A. Krislov is appointed Class Counsel.

  5. Pursuant to Fed. R. Civ. P. 23, the terms of the Settlement Agreement, and the settlement provided for therein, are preliminarily approved as (a) fair, reasonable, and adequate in light of the relevant factual, legal, practical and procedural considerations of the Action; (b)

free of collusion to the detriment of Class Members; and (c) within the range of possible final judicial approval, subject to further consideration thereof at the Final Approval Hearing described in Paragraph 13 below.

7. Pursuant to the terms of the Settlement Agreement, the Settlement Administrator is hereby directed to mail the Settlement Notice by first class mail to each Settlement Class Member at the Settlement Class Member's last-known address by March 21, 2015. Helzberg shall identify and provide a list of all known Settlement Class Members and their last-known addresses to the Settlement Administrator in sufficient time to meet the mailing deadline.

8. The Settlement Administrator will file with the Court no later than 15 days before the Final Approval Hearing date a sworn declaration verifying that notice was provided to all Settlement Class Members as required by this Order and including a list of the Settlement Class Members who validly opted out of the Settlement Class as set forth in Paragraph 10 below.

9. The Court finds that the Settlement Agreement's plan for direct mail notice to Class Members is the best notice practicable under the circumstances and satisfies the requirements of due process and Fed. R. Civ. P. 23. That plan is approved and accepted. The Court further finds that the Class Notice and Claim form, as attached to Plaintiff's Motion for Preliminary Approval of Class Action Settlement, complies with Fed. R. Civ. P. 23 and is appropriate as part of the notice plan and the settlement, and thus they are hereby approved, adopted and authorized for dissemination. The Court further finds that no other notice to Settlement Class Members other than that identified in the Settlement Agreement is reasonably necessary in this Action.

10. Any request by a Settlement Class Member to be excluded from the Settlement Class (*i.e.*, to "opt out") must be in writing and include the Settlement Class Member's name,

address, telephone number, and a statement that the person wishes to opt out of the Settlement Class. The opt-out request must be personally signed by the Settlement Class Member who seeks to opt out; no Settlement Class Member may opt out through an actual or purported agent or attorney acting on behalf of the Settlement Class Member. No opt-out request may be made on behalf of a group of Settlement Class Members. To be effective, the opt-out request must be mailed to the Settlement Administrator and must be postmarked on or before May 5, 2015. Each Settlement Class Member who does not submit a valid request to opt out shall remain in the Settlement Class and shall be bound by the settlement and release provided in the Settlement Agreement. Within ten days of the date set forth in the Class Notice by which opt-out requests must be postmarked, the Settlement Administrator shall send copies of all opt-out requests to Class Counsel and counsel for Helzberg.

11. If 20 (twenty) or more Settlement Class Members submit valid requests to opt out of the Settlement Class, Helzberg may elect to rescind the Settlement Agreement by providing written notice of such election to Class Counsel and to the Court within ten days of its receipt, from the Settlement Administrator, of the opt-out requests. In the event Helzberg exercises this right, all obligations under the Settlement Agreement shall cease to be of any force and effect, and the Settlement Agreement shall be rescinded, cancelled, and annulled.

12. Any Settlement Class Member who does not opt out but wishes to object to the proposed settlement must file with this Court and deliver by First Class Mail to Class Counsel and counsel for Helzberg at the addresses set forth in the Class Notice on or before May 5, 2015 a written objection to the settlement. The objection submitted shall include: (a) the name, address, and telephone number of the person objecting and, if represented by counsel, of his/her counsel; (b) the case name and docket number of any other class cases in which the

person or his/her counsel objected; and (c) proof of purchase of SKU #1801583, SKU #2003616, or SKU #2017119. An objecting Settlement Class Member must state, specifically and in writing, all objections and the basis for any such objections, and provide a statement of whether he/she intends to appear at the Final Approval Hearing, either with or without counsel. Any Settlement Class Member who fails to file and serve timely a written objection and notice of his or her intent to appear at the Final Approval Hearing pursuant to this Paragraph, as detailed in the Class Notice, shall not be permitted to object to the approval of the Settlement at the Final Approval Hearing and shall be foreclosed from seeking any review of the Settlement or the terms of the Stipulation by appeal or other means. Only Settlement Class Members who do not opt out of the settlement may object to the settlement.

13. A Final Approval Hearing shall be held before the undersigned at 9:30 a.m. on May 27, 2015 in the United States District Court for the Northern District of Illinois, Everett McKinley Dirksen United States Courthouse, Courtroom 1700, 219 South Dearborn Street, Chicago, Illinois 60604, to determine (a) whether the proposed settlement should be approved as fair, reasonable and adequate; (b) whether the Settlement should be granted final approval; (c) whether the Action should be dismissed with prejudice pursuant to the terms of the Settlement Agreement; and (d) whether Settlement Class Members should be bound by the Release set forth in the Settlement Agreement. The Final Approval Hearing may be postponed, adjourned or continued by order of the Court without further written notice to the Settlement Class.

14. If the Court does not grant Final Approval of the settlement without material modification, or if Final Approval is reversed in whole or in part on appeal, certification of the Settlement Class will be vacated and the Parties will be returned to their positions status quo ante with respect to the Action as if the settlement had not been entered into. In the event that Final

Approval is not achieved: (a) any Court order preliminarily or finally approving the certification of any class contemplated by the Settlement and any other order entered pursuant to the Agreement shall be null, void, and vacated, and shall not be used or cited thereafter by any person or entity in support of claims or defenses or in support or in opposition to a class certification motion in this or any other action; and (b) the Settlement Agreement will become null and void, and the fact of this settlement, that Helzberg did not oppose the certification of any class under the Settlement, or that the Court preliminarily approved the certification of a settlement class, shall not be used or cited thereafter by any person or entity, including in any contested proceeding relating to the certification of any class. In addition, if Final Approval is reversed in whole or in part on appeal, the release of claims set forth in in the Settlement Agreement shall be rescinded.

15. The parties shall meet and confer in good faith to resolve any dispute concerning the Settlement Agreement and/or this Order and, to the extent any such dispute cannot be resolved between them, present the matter to this Court for resolution.

2/17/15

_____
Jorge L. Alonso
United States District Judge