IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| MICHAEL IAN CAPRAROLA, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br>v.<br><br>HELZBERG'S DIAMOND SHOPS, INC.,<br><br>Defendant. | No. 1:13-cv-06493<br><br>Hon. Jorge L. Alonso |

**FINAL ORDER AND JUDGMENT**

Upon consideration of Plaintiff's Motion for Final Approval of Class Action Settlement, and for Approval of Counsel's Agreed Fees and Costs and Plaintiff's Incentive Award, the Court having made a final review of the settlement, including Plaintiff's submissions in support of attorneys' fees and costs, and having considered the representations of counsel for the parties, and the matters addressed by the motion, and having conducted a final fairness hearing on the settlement in Courtroom 1700, United States District Court for the Northern District of Illinois, 219 South Dearborn Street, Chicago, Illinois, on May 27, 2015 at 9:30 a.m., and the Court being fully advised in the premises, for the reasons addressed by the Court on the record, and described below, IT IS HEREBY ORDERED AS FOLLOWS:

1. Pursuant to Fed. R. Civ. P. 23, the terms of the Settlement Agreement, and the settlement provided for therein, are granted final approval as (a) fair, reasonable, and adequate in light of the relevant factual, legal, practical and procedural considerations of the Action; (b) free of collusion to the detriment of Settlement Class Members; and (c) within the range of possible final judicial approval.

2. The Court reaffirms its certification pursuant to Fed. R. Civ. P. 23 of the following class for settlement purposes:

All people in the United States who purchased from Helzberg, and did not return for a refund, one of the following items:

(1) a diamond ring sold under the Helzberg Handel label, and identified as Stock Keeping Unit ("SKU") #1801583, between August 15, 2003 and March 31, 2013,

(2) a diamond and emerald ring, identified as SKU #2003616, that was sold by Helzberg between August 15, 2003 and October 31, 2013, and/or

(3) a Tahitian pearl and diamond pendant, identified as SKU #2017119, that was sold by Helzberg between August 15, 2003 and June 31, 2014.

Excluded from the Settlement Class are: Helzberg; Helzberg's affiliates, subsidiaries, and parent; each of Helzberg's directors, officers, and employees; Helzberg's legal representatives, successors, and assigns; any other entity in which Helzberg has a controlling interest; persons who purchased for purposes of resale; anyone employed by counsel for Plaintiff in this action; the Judge to whom the Action is assigned and all members of his immediate family; and all Persons who timely and validly request exclusion from the Settlement Class pursuant to the Class Notice disseminated in accordance with the Preliminary Approval Order.

3. Class Notice has been given to the Settlement Class pursuant to and in the manner directed by the Order Granting Preliminary Approval of Class Action Settlement, proof of compliance with the Settlement Class Notice Program has been filed with the Court and a full opportunity to be heard has been offered to all parties to this Action, the Settlement Class and persons in interest. The form and manner of Class Notice is hereby determined to have been the best notice practicable under the circumstances, and it is further determined that all Settlement Class Members are bound by the Final Order and Judgment herein.

4.  The Court approves the Claim Form distributed to the Settlement Class, and concludes that the Claim Form was well designed with clear and prominent information that was easily understandable by the Settlement Class. Any member of the Settlement Class who does not submit a valid and timely Claim Form in compliance with the Settlement Class Notice Program is not entitled to any relief, but nonetheless is barred by the Release in Section 6 of the Settlement Agreement and the Final Order and Judgment.

5.  The Court orders that the Settlement Agreement and Final Order and Judgment are binding on and have *res judicata* and preclusive effect on all pending and future lawsuits or other proceedings encompassed by the Release (as set forth in Section 6 of the Settlement Agreement) maintained by or on behalf of Plaintiff and all other Settlement Class Members, as well as their agents, heirs, executors or administrators, successors and assigns.

6.  The Court adjudges that Plaintiff and the Settlement Class Members have conclusively compromised, settled, dismissed and released any and all Released Claims against Helzberg.

7.  Plaintiff's counsel are hereby awarded their requested attorneys' fees and costs in the amount of $91,000 (to be paid by Helzberg without reducing the Class' recovery) which amount the Court finds to be fair and reasonable given the result achieved for the Settlement Class.

8.  Plaintiff is hereby awarded the requested $2,000 incentive award (to be paid by Helzberg without reducing the Class' recovery) which amount the Court finds reasonable given his involvement and service to the Settlement Class.

9. The Court dismisses the litigation now pending against Helzberg on the merits and with prejudice and without fees or costs except as provided herein, in accordance with the terms of the Settlement, Final Order and Judgment set forth herein.

10. Without affecting the finality of the Final Order and Judgment for purposes of appeal, the Court reserves jurisdiction over the Settlement Administrator, Helzberg, Plaintiff, Class Counsel and the Settlement Class as to all matters relating to the administration, consummation, enforcement and interpretation of the terms of the Settlement and Final Order and Judgment and for any other necessary purposes.

11. The Parties are hereby authorized and directed to comply with and to consummate the Settlement in accordance with its terms and provisions and this Final Order and Judgment, and the Clerk is directed to enter and docket this Order and Final Judgment in the Action.

5/27/15  _____
Jorge L. Alonso
United States District Judge